UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS POLANCO,

        Plaintiff,

v.                            Case No. 8:12-cv-827-T-33TBM

FLORIDA DEPARTMENT OF JUVENILE
JUSTICE,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant's Motion to Dismiss Complaint (Doc. # 6), filed on May 9, 2012. Plaintiff filed a Response in Opposition to the Motion on May 24, 2012. (Doc. # 7). For the reasons that follow, the Court denies the Motion.

**I.**    **Background**

Plaintiff began his employment with Defendant in April 1994, and in 1998, was promoted to the position of Youth Counselor for 28 male juvenile offenders at the Charles J. Britt Halfway House in St. Petersburg, Florida. (Doc. # 1 at ¶ 10). As a youth counselor, Plaintiff "acted as a mentor, a disciplinarian, and a guard for the boys in his care." Id. at ¶ 11.

In September 2006, Plaintiff was diagnosed with a congenital heart condition, and Plaintiff's physician determined that Plaintiff could no longer perform the duties

of Youth Counselor due to the strenuous and physical nature of the job. Id. at ¶¶ 12-13. At the time Plaintiff was diagnosed with his heart condition, a less strenuous position, that of Food Support Worker, was available at the Halfway House. Id. at ¶ 14. Plaintiff advised his supervisor of his heart condition and his desire to be transferred to the Food Support Worker position. Id. at ¶¶ 14-16.

Plaintiff "was qualified for the Food Support Worker position and able to perform the duties of the position." Id. at 20. Nevertheless, Plaintiff was not hired for the position. Rather, Defendant placed Plaintiff on medical leave in January 2007, hired a less qualified individual for the Food Service Worker position, and terminated Plaintiff effective April 17, 2008. Id. at ¶¶ 25, 31, 33. Plaintiff contends that he was terminated based on his heart condition.

Plaintiff filed this action for damages against Defendant pursuant to the Rehabilitation Act, 29 U.S.C. § 794, on April 16, 2012. (Doc. # 1). Defendant filed a Rule 12(b)(6) Motion to Dismiss (Doc. # 6), which is ripe for the Court's review. (Doc. # 7).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the

light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. Analysis

Section 794 of the Rehabilitation Act states: "No otherwise qualified individual with a disability . . . shall,

3

solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. To survive a motion to dismiss, a Rehabilitation Act plaintiff must demonstrate that he or she: "(1) is handicapped within the meaning of the Act and relevant regulations, (2) is otherwise qualified for the position in question, (3) worked for a Program or activity that received federal financial assistance; and (4) was adversely treated solely because of his or her handicap." Jackson v. Veterans Admin., 22 F.3d 277, 278 (11th Cir. 1994)(internal quotation marks omitted).

Here, Defendant concedes for the purposes of deciding the present Motion that Plaintiff is handicapped under the Act and that Defendant receives federal financial assistance. (Doc. # 6 at 4). Defendant argues that the Complaint, nevertheless, is subject to dismissal pursuant to Rule 12(b)(6), Fed.R.Civ.P., because Plaintiff pleads that he is not qualified for the position of Youth Counselor due to his heart condition. Defendant essentially argues that, regardless of Plaintiff's handicap, because Plaintiff states in his Complaint that he was not qualified for his position of Youth Counselor, Plaintiff's Complaint is subject to dismissal as a

4

matter of law.

However, Plaintiff points out that transferring him to the open position of Food Support Worker would have been a reasonable accommodation and that he was qualified for the position of Food Support Worker. "Under regulatory law, an employer subject to the Rehabilitation Act has a duty to reasonably accommodate an employee's handicap. More specifically, a reasonable accommodation may include job restructuring and part-time or modified work schedules." <u>Ali v. City of Clearwater</u>, 915 F. Supp. 1231, 1239 (M.D. Fla. 1996)(internal citations omitted).[1] In addition, in <u>US Airways, Inc. v. Barnett</u>, 535 U.S. 391 (2002), the Supreme Court commented on the similarities between the ADA and the Rehabilitation Act and noted that a reasonable accommodation "may include reassignment to a vacant position." <u>Id.</u> at 403.[2]

---

[1] In <u>Ali</u>, the court denied the employer's motion for summary judgment under the Rehabilitation Act, inter alia, because "a genuine issue of material fact exists as to whether transferring Ali within the same position or to a new one would be a 'reasonable' accommodation." 915 F. Supp. at 1240.

[2] In <u>US Airways</u>, the employer was not required to transfer a disabled cargo handler to the less strenuous position of mailroom worker as a reasonable accommodation because the employer demonstrated that the plaintiff employee was not eligible for the mailroom position due to the established seniority system in place. In the present case, the requested transfer to the less strenuous position appears to be a reasonable accommodation, and the Complaint is devoid

5

Furthermore, in Lussier v. Dugger, 904 F.2d 661 (11th Cir. 1990), the court reversed an order granting summary judgment in favor of the employer and remanded the case to the district court to determine whether the employer had a duty to place an employee in an open position as a reasonable accommodation when such employee was deemed unfit to perform services as a dentist after being diagnosed with chronic hepatitis. That court held:

> Employers have an affirmative obligation to make a reasonable accommodation for a handicapped employee. Although they are not required to find another job for an employee who is not qualified for the job he or she was doing, they cannot deny an employee alternative employment opportunities reasonably available under the employer's existing policies.

Id. (citing Sch. Bd. of Nassau County v. Arline, 480 U.S. 127, 289 n.19 (1987)).

Upon due consideration of the well-pled allegations of Plaintiff's Complaint, which the Court must accept as true at this juncture, the Court determines that it is appropriate to deny the Motion to Dismiss. In the Court's view, Plaintiff has alleged facts that raise his right to relief beyond the speculative level, and Plaintiff should be entitled to flesh

---

of factual scenarios, such as the existence of a seniority system or collective bargaining agreement, that would prohibit transferring Plaintiff to the vacant position.

out his allegations through discovery. In addition, a number of the arguments presented by Defendant are fact-intensive, prematurely asserted, and better suited for summary judgment analysis after both parties have had the benefit of discovery.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Dismiss Complaint (Doc. # 6) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of June, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record